WESTERN METROPOLIS, The (TOWN v.). See Case No. 14,114.

WESTERN R. CORP. (AYRES v.). See Case No. 689.

---

## Case No. 17,442.

### In re WESTERN SAV. & T. CO.

[4 Sawy. 190;[1] 17 N. B. R. 413.]

District Court, D. California. Feb. 15, 1877.

PETITION IN BANKRUPTCY — ALLEGATION OF INDEBTEDNESS—INSUFFICIENCY—TRANSFER OF CLAIM—DISMISSAL OF PETITION.

1. Where the petition contained an allegation that the debtor owed a debt, but no allegation that it was owed to the petitioning creditor, *held,* insufficient.

2. Where the petition of a petitioning creditor has been dismissed for insufficiency, but leave has been given him to file with the other creditors an amended petition, which has been filed accordingly, and it appears that at the time of signing such amended petition he had ceased to be a creditor, having assigned his demand. *held,* that the amended petition must be dismissed.

Thompson & Hart and J. Naphtaly, for petitioning creditors.

T. B. Bishop, Geo. Cadwalader, and H. H. Haight, for respondents.

HOFFMAN, District Judge. A petition having been heretofore filed against the above corporation, a motion was made to dismiss it on various grounds particularly set forth in the papers. The motion having been fully argued and submitted, the objections raised on behalf of the respondent were in part sustained, and the petition was ordered to be dismissed, unless the petitioner should, within ten days, file an amended petition. The amended petition has accordingly been filed, together with amended proofs of debt, and a motion to dismiss the proceeding has been again made, argued and submitted.

The first objection is to the allegation in respect to the indebtedness due C. W. Sherwood, one of the petitioning creditors. The petition avers that "the demand of the said C. W. Sherwood consists of a deposit made with the Western Savings and Trust Company, amounting to the sum of $580.17, in United States gold coin, and interest thereon, and is wholly unpaid." This allegation is obviously insufficient. The object of the averment is to show to the court: (1) That the alleged bankrupt owes the debt; and (2) that the debt is owed to the petitioning creditor. The allegation above cited may be sufficient to show that a deposit of $506.17 was made with the company, and that it is unpaid; but it does not aver that Sherwood made the deposit, or that the original depositor has assigned the demand to him, or any other fact which connects him as owner with the indebtedness. The averment thus wholly fails to establish the fact that Sherwood is a creditor of the company.

It is contended, on the part of the petitioning creditors, that this objection should have been taken on the previous motion to dismiss, and that it is now too late to urge it. To this the counsel for the company reply, that in point of fact it was so taken and insisted on. I consider the inquiry immaterial. By leave of the court, a new and amended petition has been filed. It in effect supersedes, and is a substitute for, the original petition. Any objection to which it is obnoxious can now be taken, irrespective of the fact that the former petition was open to the same objection, and whether that objection was or was not made on the former motion. The amended petition forms now the foundation of the whole proceeding; not in the sense that the proceeding is to be deemed to have been commenced at the date at which it was filed, but in the sense that all subsequent proceedings must rest upon it, and that its allegations must be sufficient in law to authorize the adjudication which it prays for.

2. It is objected that the proof of debt of the petitioner, E. W. Bradford, is not in accordance with form fifty-five, prescribed by the supreme court. The deposition avers that the said company was, on the second day of October, justly indebted unto the said deponent, etc. It does not state that the company still is so indebted to him. The allegations of

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

the petition are equally defective. It is alleged "that the demand of the said E. W. Bradford consists of several deposits made at various dates, with the said Western Savings and Trust Company as a bank, amounting to $64.60 in United States gold coin, and that the same is wholly unpaid." Neither the petition nor deposition states that the petitioner is now a creditor of the company. For the reason already given, the objection must be sustained. But, in this instance, the question is not merely whether the petition and deposition have been drawn with technical precision and certainty of averment.

It appears, that subsequent to the filing of the first petition, and after the court had given leave to the petitioning creditors to file an amended petition and proofs of debt, Bradford assigned his demand to one Matthews, who is now its admitted owner. Matthews thereupon gave notice of his purchase of the claim to the attorney for the creditors, and advised them that he declined to avail himself of the permission to amend, or to participate any further in the proceedings; and that he withdrew from them all authority to use his name or that of Bradford in the matter, and he forbade the attorneys from acting in any manner for himself or Bradford with reference to the claim, of which he had become the owner and holder. It seems that notwithstanding this transfer, Bradford has joined the other creditors in signing the amended petition, but has necessarily modified the allegations of his deposition and of the petition to conform to the actual facts. Matthews thereupon obtained an order upon the petitioning creditors to show cause why the amended proof of debt filed by Bradford should not be stricken from the file, and why the proceedings, so far as Bradford is concerned, should not be dismissed, and his name stricken from the amended petition. The question thus presented was fully argued by counsel, and submitted simultaneously with the motion to dismiss on the part of the company. The petition of Matthews, on which the order to show cause was issued, sets forth the facts already detailed, and in addition, states the circumstances which induce him to believe that the interests of the creditors will not be promoted by a further prosecution of the proceedings in bankruptcy. It avers that the affairs and assets of the company are now in the hands of a receiver, appointed by the district court of the Nineteenth judicial district of this state, on the seventh of July, 1876. That said receiver is engaged in disposing of the property of the company for the purpose of dividing the proceeds among its creditors; that he has become familiar with its affairs, and can much more speedily and satisfactorily than any other person wind up and settle them; that the receiver has commenced an action against the late president of the company and his bondsmen for the sum of $16,000, alleged to have been improperly taken from said corporation. That Gri-

ley, a petitioning creditor, is one of the bondsmen sued, and that he believes the object and motive of the proceeding in bankruptcy is to prevent the prosecution of the said action on this point by taking the affairs of the corporation out of the hands of the receiver. The petitioner further represents that the necessary result of an adjudication in bankruptcy against the corporation will be a suit between the assignee in bankruptcy and the receiver, which will cloud the title to real estate, which should be sold as soon as practicable, and consume the assets of the estate in unnecessary litigation. No affidavits in denial of these allegations have been filed, and the case has been argued on the assumption of their substantial correctness.

It is contended on the part of the petitioning creditors that Bradford, having signed the petition with full knowledge of the facts, could not thereafter be allowed to withdraw from the petition and have the proceedings dismissed as to him, and thus break up the quorum and deprive the court of jurisdiction; and that Matthews, who has succeeded to his rights, stands in the same position. In support of this view, In re Heffron [Case No. 6,321], In re Sargent [Id. 12,361], In re Frost [Id. 5,134], and In re Mendenhall [Id. 9,424], are cited.

The question, whether a creditor, who has united in the petition, has, up to the moment of adjudication, the absolute right to defeat the proceedings by withdrawing his name from the petition, it is unnecessary to discuss. No authority has been cited to show that the court may not, in its discretion, permit him to do so. And if a decision on that point were requisite I should be compelled to regard this case as presenting very strong circumstances for the exercise of the discretionary power of the court.

But the conclusive answer to the objection of the petitioning creditors is, that Bradford has never acquired the status of a petitioning creditor. He has attempted to do so, but he has failed to advise the court by apt and appropriate allegations and proofs that he has any right to intervene in the proceeding. His petition was therefore ordered to be dismissed, unless within a given time he should, in conjunction with the other creditors, file an amended petition sufficient to support the proceeding.

An amended petition has accordingly been filed, and his signature attached to it. But it appears by his proof of debt and by testimony aliunde that at the time the deposition was signed and filed he had ceased to be a creditor. The amended petition, therefore, on which an adjudication is prayed for, and on which the adjudication and all future proceedings in the case must rest, is not only not drawn in the form prescribed by the supreme court, but it cannot now be so drawn consistently with the admitted facts of the case.

I consider this objection fatal to the petition. I do not deem it necessary to examine

particularly the objections to the allegations of the petition in respect to the demands of other creditors, and the proofs of debt filed by them. I may observe, however, that, in my opinion, where the petition and proof of debt show that a petitioner is the holder and owner of a certificate of deposit issued by the bank upon a deposit made with it by him, or by a party who has assigned the certificate and claim to him, and that the sum so deposited remains due and unpaid, no further statement of the consideration of the debt need be made, nor any more particular description of it given.

The petition must be dismissed.